Filed 10/28/24  P. v. Sloan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095622 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F00743) |
| v. | |
| MARVIN SLOAN, | [OPINION ON TRANSFER] |
| Defendant and Appellant. | |

Marvin Sloan appeals from the trial court's order finding that he qualified as a sexually violent predator (SVP) and committing him to the State Department of State Hospitals (Department of State Hospitals).  He contends the trial court erred in allowing the People to use a retained expert to testify at trial.

We initially agreed with Sloan, reversed the trial court's order, and remanded for a new trial.  Our Supreme Court granted review and transferred the matter back to us to reconsider in light of *People v. Needham* (2024) 16 Cal.5th 333.  Upon that

1

reconsideration, we change our position and affirm the order finding Sloan qualified as an SVP and committing him to the Department of State Hospitals.

## FACTUAL AND PROCEDURAL BACKGROUND

The Sacramento County District Attorney filed a petition to commit Sloan as an SVP (Welf. & Inst. Code, § 6600 et seq.) in November 2018, and the trial court permitted the People to retain Dr. Craig King as an expert. Dr. King testified at Sloan's SVP court trial that began in October 2021. Following the parties' posttrial briefings, the trial court issued an order finding that Sloan qualified as an SVP and committing him to the Department of State Hospitals. Sloan timely appealed.

## DISCUSSION

Sloan contends the trial court erred in permitting Dr. King to testify at his trial because the People have no right under the SVPA to retain a testifying expert. The California Supreme Court recently rejected that contention in *Needham*, and we are bound by that holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Under *Needham*, "[t]he People's qualified expert may testify and give an opinion as to whether the defendant meets the statutory definition of an SVP." (*People v. Needham, supra*, 16 Cal.5th at p. 369.) Thus, the trial court did not err in allowing the People to use Dr. King as their retained expert to testify at trial.

DISPOSITION

The order finding Sloan qualified as an SVP and committing him to the Department of State Hospitals is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
BOULWARE EURIE, J.

3